Walker v County of Monroe (2023 NY Slip Op 02422)

Walker v County of Monroe

2023 NY Slip Op 02422

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

218 CA 18-00974

[*1]JEYZELL WALKER, PLAINTIFF-APPELLANT,
v
COUNTY OF MONROE, CITY OF ROCHESTER, MUHAMMAD MUHAMMAD, ALSO KNOWN AS MOHAMED MOHAMED, DEFENDANTS-RESPONDENTS. 

JEYZELL WALKER, PLAINTIFF-APPELLANT PRO SE. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR DEFENDANT-RESPONDENT COUNTY OF MONROE. 
LINDA S. KINGSLEY, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF ROCHESTER AND MUHAMMAD
 

 Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 16, 2018. The order granted the motions of defendants County of Monroe and City of Rochester to dismiss the complaint and dismissed the complaint against said defendants. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff appeals from an order that granted the motions of defendants City or Rochester and County of Monroe (collectively, defendants) seeking to dismiss the complaint against them for failure to state a cause of action. The appeal must be dismissed based on plaintiff's failure to provide an adequate record to permit meaningful appellate review (see Woodman v Woodman, 162 AD3d 1650, 1650-1651 [4th Dept 2018]). " 'It is the obligation of the appellant to assemble a proper record on appeal. The record must contain all of the relevant papers that were before the Supreme Court' " (Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Among other things, the record on appeal did not contain the complaint, which, as noted, defendants moved to dismiss, and those motions are the subject of the order on appeal; nor did it contain all of the relevant motion papers and exhibits upon which the order was founded (see CPLR 5526; see also Fink v Al-Sar Realty Corp., 175 AD3d 1820, 1820-1821 [4th Dept 2019]). We note that, although plaintiff has included some additional documents in her appellant's brief, they are not properly
part of the record on appeal and, in any event, those documents do not cure the defects in the record even if considered (see Woodman, 162 AD3d at 1651).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court